UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10656-RWZ

TROY SUTLER

v.

REDLAND INSURANCE COMPANY

MEMORANDUM OF DECISION

October 23, 2012

ZOBEL, D.J.

This matter is before me on a motion to dismiss/remand filed by plaintiff Troy Sutler. Plaintiff originally filed suit against defendant Redland Insurance Company ("Redland") in state court alleging breach of contract and various violations of Massachusetts law. Redland removed the case to federal court pursuant to 28 U.S.C. §§ 1332 and 1446. Plaintiff contends that removal was untimely and procedurally defective.

**I. Background**

On March 28, 2012, plaintiff filed a complaint in Plymouth Superior Court against Redland, a Pennsylvania corporation with its principal place of business in New York, claiming breach of contract and violations of Mass. Gen. Laws ch. 175 §§ 112 and 113; ch. 93A §§ 2 and 9; and ch. 176D, § 3(9). The same day, the case was sent to the Brockton Division of the Plymouth Superior Court.

The next day, March 29, plaintiff sent to Redland, via certified mail, return

receipt requested, correspondence with the case name and state court docket number in the subject line, "enclos[ing] herewith for service of process under the Massachusetts Long Arm Statute"[1] several documents, including "One Summons," "Civil Action Cover Sheet," "Plaintiff's Complaint," and requests for discovery. The letter instructed Redland to "[p]lease forward these documents to your attorney within 20 days so that an answer to the complaint can be filed can be made [sic] on your behalf." The "Plaintiff's Complaint" enclosed with the letter is stamped "copy," dated March 13, 2012, and does not contain a signature or a docket number, but is otherwise identical in substance to the complaint filed in the superior court.

On April 12, 2012, Redland filed a notice of removal in this court based on diversity jurisdiction and sent a copy thereof to plaintiff. Nevertheless, on April 18, 2012, plaintiff filed an amended complaint in the superior court which added Budget Installment Corp. ("BIC") as a defendant along with claims against BIC for breach of contract, negligence, and violations of Mass. Gen. Laws ch. 175 §§ 112 and 113. Plaintiff did not send a copy of the amended complaint to Redland at that time, nor did he complete service on BIC.[2]

Redland sent a certified copy of the notice of removal to the superior court on May 4, 2012, and requested the clerk to "prepare and forward certified copies of the

---

[1] The Massachusetts Long-Arm Statute authorizes service outside the commonwealth "by any form of mail addressed to the person to be served and requiring a signed receipt." Mass. Gen. Laws ch. 223A § 6(a)(3).

[2] The state court docket sheet does not show that service was completed on BIC following the filing of the amended complaint, nor does plaintiff claim to have served BIC at that time. Indeed, in a letter to Redland on May 9, 2012, plaintiff's counsel states, "I have not yet served Budget."

docket sheet and Court records to the Federal Court." The state court record was filed with this court on May 16, 2012.

On May 9, plaintiff filed this instant motion to remand and sent a copy of the amended superior court complaint to Redland for the first time. Plaintiff asserts numerous procedural grounds for remand, namely that Redland (1) improperly removed the case prior to being served with the complaint; (2) failed to "file a copy of all process, pleadings, and orders served upon" Redland with this court; (3) failed to provide written notice of removal to all adverse parties; (4) did not have consent or joinder of all defendants to removal; and (5) failed to file a copy of the removal notice with the clerk of the state court.[3] Redland filed its opposition to remand on May 22.

## II. Discussion

Pursuant to 28 U.S.C. § 1446, a defendant seeking to remove a case must file a notice of removal with the district court. Section 1446(b) states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Unlike in most cases challenging removal as untimely, plaintiff here does not contend that Redland filed its notice of removal too late. Rather, he faults Redland for acting prematurely by filing for removal before it had been served with the complaint. In plaintiff's view, Section 1446(b) permits a defendant to remove only *after* it has been served with the complaint, whereas here Redland received only a "draft complaint" and

---

[3] Plaintiff does not dispute diversity of citizenship or the requisite amount in controversy.

3

was never formally served.  Redland points out that the alleged "draft complaint" was, in substance, identical to the one filed in the superior court the previous day, and that it was sent via certified mail, along with a summons and other documents, "for service of process under the Massachusetts Long Arm Statute."  This, Redland argues, qualifies as "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" and thus its notice of removal, filed 14 days after receiving the "draft complaint," was timely.

      The question of whether Redland was ever properly served is immaterial.  Numerous federal courts have held that formal service is not required before a defendant can remove a case.  See, e.g., Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529-30 (7th Cir. 2004); Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal."); Middlebrooks v. Godwin Corp., 279 F.R.D. 8, 11-12 (D.D.C. 2011); Watanabe v. Lankford, 684 F.Supp.2d 1210, 1214-15 (D. Haw. 2010) (defendant's filing of a notice of removal before being served by plaintiffs did not render removal defective); Bell v. American General Finance, Inc., 267 F.Supp.2d 582, 583-83 (S.D. Miss. 2003); Arthur v. Litton Loan Serv. LP, 249 F.Supp.2d 924, 931 (E.D. Tenn. 2002) ("[S]ervice of process is not a prerequisite to the defendants exercising their right of removal under 28 U.S.C. § 1446").  Although the deadline for removal is measured from the defendant's formal receipt of the complaint, 28 U.S.C. 1446(b), nothing in the removal statute requires that a defendant be served with the complaint prior to filing a notice of

removal. Whitehurst v. Wal-Mart, 306 F. App'x 446, 448 (11th Cir. 2008).[4] Moreover, requiring service prior to removal makes little sense when, under Massachusetts law, a named defendant can waive service of process and voluntarily submit to the personal jurisdiction of the court by appearing and participating in proceedings. See Vangel v. Martin, 695 N.E.2d 223, 224-25 (Mass. App. Ct. 1998); Reznik v. Garaffo, 2006 Mass.App.Div. 25 n. 7 (Mass. Dist. Ct. 2006) (per curiam). Redland, a named defendant, did not have to wait for formal service in order to remove, and therefore removal here was not untimely.

Plaintiff's remaining allegations of procedural deficiency are also unavailing.

It is true that at the time of plaintiff's motion, Redland had filed only its "draft copy" of the superior court complaint with its notice of removal. However, Redland has since received and filed certified copies of the full state court record and docket entries in the case in accordance with 28 U.S.C. § 1446(a). While plaintiff is correct that Local Rule 81.1(a) requires that such documents be filed within 28 days after filing a notice of removal, Redland's 34-day gap between filing its removal notice and filing the state record is not so egregious as to warrant remand. Cf. Local Rule 81.1(c) (providing that "if the clerk of this court has not received paper required to be filed under section (a) within 42 days of the filing of the notice for removal, the case shall be remanded to the state court.").

---

[4] Plaintiff's reliance on Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999) is misplaced. In Murphy Bros., the Supreme Court found that "mere receipt of the complaint unattended by any formal service" did not trigger a named defendant's time to remove a case from state court. Id. at 138. "But the decision did not address whether service was a prerequisite for a defendant to be able to remove a case." Delgado, 231 F.3d at 177 n.23. See also Middlebrooks, 279 F.R.D. at 12 ("Murphy Brothers does not address the validity of removal before service...").

Plaintiff also claims that Redland did not provide written notice of removal to all adverse parties and the state court as required by 28 U.S.C. § 1446(d).  However, on April 12, 2012, the day it filed the notice of removal, Redland mailed a copy of that notice to plaintiff, its only adverse party in the case.  On May 4, Redland also sent a certified copy of the removal notice to the clerk of the superior court, as is reflected in the state court record.  Accordingly, Redland has sufficiently complied with § 1446(d).

Finally, plaintiff maintains that Redland, by removing without the written consent or joinder of BIC, violated the "rule of unanimity" that in cases involving multiple defendants, each defendant must consent for removal to be valid.  Garside by Garside v. Osco Drug, Inc., 702 F.Supp.19, 21 (D. Mass. 1988).  Plaintiff is wrong for two reasons.  First, on April 12, 2012, the date the notice of removal was filed, Redland was the only named defendant in the case; there were no additional defendants from whom consent could have or should have been obtained.  Second, the rule of unanimity only applies to other defendants "who have been served." Acosta Oliveras v. Pittsburgh Corning Corp., 36 F.Supp.2d 443, 444 (D.P.R. 1999); Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1200 (D.R.I. 1986) ("defendants who have not yet been served with process at the time of the petition for removal are not required to conjoin") (citing Pullman Co. v. Jenkins, 305 U.S. 534, 540-41 (1939)).[5]  Even after plaintiff filed his amended complaint adding BIC as a defendant, he did not complete service on BIC.

---

[5] See also 14B Charles Alan Wright et al., Federal Practice and Procedure: Jurisdiction § 3730 (4th ed. 2009) ("Thus, as many cases have held, defendants who have not been properly served may be ignored, not only for jurisdictional purposes and for purposes of the bar upon removal of diversity cases that include forum state citizen defendants, but also for the purpose of requiring their joinder in the notice of removal.") (listing cases).

Because BIC was not a party and had not been served at the time the removal notice was filed, its consent is not a prerequisite to removal.[6]

## III. Conclusion

Plaintiff's motion to dismiss/remand to state court (Docket # 4) is DENIED.


| October 23, 2012 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |

---

[6] There remains the issue of the amended complaint, which plaintiff filed in the superior court after Redland filed notice of removal in this court, but before it sent such notice to the state court. In the period between the filing of a removal notice in federal court and the giving of notice to the state court, both state and federal courts have concurrent jurisdiction until the process of removal is completed. Berberian v. Gibney, 514 F.2d 790, 792-93 (1st Cir. 1975). Therefore, I will treat the amended complaint as if it were filed with this court. Id.